UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REBECCA GUTHRE | ) Case Number |
| Plaintiff | ) |
| | ) CIVIL COMPLAINT |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| NORTHSTAR LOCATION SERVICES, LLC | ) |
| Defendant | ) |

COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Rebecca Guthre, by and through her undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant and respectfully avers as follows:

I. INTRODUCTORY STATEMENT

1. Plaintiff, Rebecca Guthre, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which

prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here.

## III. PARTIES

4. Plaintiff, Rebecca Guthre, is an adult natural person residing at 171 Wrenfield Way, Harleysville, PA 19438. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Northstar Location Services, LLC at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt in this Commonwealth, with a principal place of business located at 4285 Genesee St., Buffalo, NY 14225.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.    FACTUAL ALLEGATIONS

7.    Starting on or about October 6, 2010, Defendant began their initial contact with Plaintiff and subsequent harassing and prohibited methods of communication.

8.    On more than one occasion, Defendant has placed calls to Plaintiff's workplace and left voicemails asking for a return phone call regarding a personal matter.

9.    On or about October 8, Defendant left a voicemail for Plaintiff on a business telephone from "Nick Meyer" that could be heard by persons other than Plaintiff.

10.   Defendant's voicemail clearly states the name of their company, who they are calling on behalf of and that the call is in an attempt to collect a debt.

11.   Plaintiff returned a call to Defendant the same day and asked for all contact to cease to any medium of communication other than her personal cell phone.

12.   Defendant's agent said Plaintiff's contact information would be updated to accurately reflect her request.

13.   On or about October 9, 2010 Plaintiff received a second voicemail from Defendant on the same business telephone from "Julie Stein."

14.   The October 9, 2010 voicemail again states the name of Defendant and that the call is in an attempt to collect a debt.

15.   On that same day, Plaintiff placed another phone call to Defendant and reiterated her prior conversation where she requested Defendant cease all communication to any number other than her personal cell phone.

16.   During this call, Plaintiff was told that Defendant holds two accounts so her first request was only applied to the initial account in question, but her second request would be honored as well.

17. On both October 8, 2010 and October 9, 2010 when Plaintiff requested Defendant only call her cell phone she provided Defendant's agents with that particular number.

18. Additionally, Plaintiff has received no written communication from Defendant indicating their collection effort on any single account, let alone two different accounts.

19. On October 18, 2010 Defendant called the home of Plaintiff's parents on two occasions, once in the early afternoon and once in the evening.

20. During the first call on October 18, 2010 an agent of Defendant attempted to discuss the debt but the call was promptly ended by Plaintiff's father.

21. During a second call later in the day, an agent of Defendant revealed to Plaintiff's mother that Defendant was a debt collector calling to 'help' Plaintiff with her debt.

22. This particular agent of Defendant went on to verbally abuse Plaintiff's mother regarding Defendant's earlier phone call and how her husband would not discuss the issue.

23. Defendant had no reason to attempt contact with Plaintiff at any number other than her personal cell phone, which she provided on two separate occasions.

24. Defendant deliberately ignored Plaintiff's request and continued to initiate third party contact in an attempt to coerce payment of the alleged debt.

25. Also on October 18, 2010 Plaintiff's counsel received a voicemail from "Jackie," an agent of Defendant that stated she was calling to confirm client representation of Plaintiff.

26. On October 19, 2010 Plaintiff's counsel returned a call to Defendant to confirm that Plaintiff had in fact secured legal representation, and spoke with "Linda Lysing" in the compliance department.

27. "Linda Lysing" said that Plaintiff's account would be noted and she would receive no further phone calls.

28. On October 20, 2010 Plaintiff received yet another phone call from Defendant.

29. On October 21, 2010 at about 8:30AM Defendant again called the home of Plaintiff's parents and spoke with Plaintiff's mother, who promptly terminated the call.

30. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

31. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

32. At all times pertinent hereto, Defendant as acting by and through its agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

33. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

34. The above paragraphs are hereby incorporated herein by reference.

35. At all times relevant hereto, Defendant, Northstar Location Services, LLC was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

36. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

§ 1692b(2): Contact of Third Party: Stated that the consumer owes any debt

§ 1692b(3): Contact of Third Party: Contacted a person more than once, unless requested to do so

§ 1692c(a)(1): At any unusual time, unusual place, or unusual time or place known to be inconvenient to the consumer

§ 1692c(a)(3): At place of employment when knows that the employer prohibits such communications

§ 1692c(b): With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

§ 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person

§ 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection